## ADDIE BARNETT v. STATE.

No. A-5321.   Opinion Filed March 6, 1928.
(243 Pac. 985.)

L. C. McLean, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county on a charge of selling a pint of spiritu-

ous liquor, sentenced to confinement in the county jail for a period of 30 days and to pay a fine of $50.

The conviction rests on the evidence of one B. E. Slagel, who testified that he had been employed to procure evidence against persons suspected of violating the liquor law. Under the evidence, he is discredited and would appear to be hardly worthy of belief. But since the credibility of the witnesses and the weight and value to be given their testimony are peculiarly in the province of the jury, this court, in the absence of unusual circumstances, will not disturb the verdict where the evidence, if believed, is sufficient. It has been frequently held, however, that, where a paid informer is employed, a defendant has the right, for the purpose of testing the credibility of the witness and his interest or bias, to inquire fully as to his employment and conduct in procuring evidence of the alleged violation of the law. (Clark v. State, 31 Okla. Cr. 378, 239 Pac. 274.) In the trial of this case, this right of cross-examination was unduly limited and the defendant was not permitted to show fully the interest of the witness. It would serve no particular purpose to set out the questions along this line which were excluded by the court. For the reason assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.